Lin v. Sessions

BIA
Mulligan, IJ
A073 037 199

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of August, two thousand eighteen.

PRESENT:
> RALPH K. WINTER,
> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

CHENG LIN,
> *Petitioner,*

> v.                                          16-3677
>                                             NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General; John S. Hogan,
                       Assistant Director; Robbin K. Blaya,
                       Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Cheng Lin, a native and citizen of the People's Republic of China, seeks review of an October 5, 2016, decision of the BIA affirming a January 20, 2015, decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Cheng Lin,* No. A 073 037 199 (B.I.A. Oct. 5, 2016), *aff'g* No. A 073 037 199 (Immig. Ct. N.Y. City Jan. 20, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

## I. Timeliness

An asylum application must be filed within one year of an applicant's arrival in the United States or by April 1, 1997, whichever is later, absent changed or extraordinary circumstances. 8 U.S.C. § 1158(a)(2)(B), (D). Our jurisdiction to review the agency's pretermission of asylum on timeliness grounds is limited to "constitutional claims or questions of law." 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D). Whether an applicant has raised a cognizable constitutional claim or question of law depends on "*the nature of the argument*

2

being advanced in the petition" because mere disagreement with the agency's "fact-finding or exercise of discretion" will not suffice. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 332 (2d Cir. 2006) (emphasis in original).

Lin argues that the agency erred by not finding that ineffective assistance of counsel was an extraordinary circumstance that justified his late filing. The agency, however, assumed that counsel was ineffective, but held that Lin's 17-year delay was unreasonable because Lin should have acted in 1996 when the travel agency told him to lie to the asylum officer or in 1997 when his employment authorization expired. Contrary to Lin's argument, the agency addressed his lack of English or legal knowledge. Although a claim of ineffective assistance implicates due process, Lin's arguments here pertain only to the correctness of the agency's fact-finding regarding the reasonableness of his delay, which we lack jurisdiction to review. *See Xiao Ji Chen*, 471 F.3d at 332.

## II. Credibility

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir. 2006). The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in an asylum

3

applicant's statements and other record evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xia Xia Lin*, 534 F.3d at 167. Substantial evidence supports the agency's determination that Lin was not credible as to his allegations of past persecution because Lin filed a false asylum application, repeated the false claim at an asylum interview, and admitted to lying under oath at that interview. *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single instance of false testimony may . . . infect the balance of the alien's uncorroborated or unauthenticated evidence.").

Lin argues that his circumstances merit "special consideration" and that his asylum interview should be treated with the heightened scrutiny given to airport interviews. Heightened scrutiny does not extend to asylum interviews. *Diallo v. Gonzales*, 445 F.3d 624, 632 (2d Cir. 2006). Airport interviews are viewed differently because they take place immediately after an alien arrives in the United States, generally before an applicant has counsel or is aware of the

4

asylum process. *Id*. at 631-32. By contrast, Lin's interview took place two years after he arrived in the United States, and he was represented by counsel, albeit unscrupulous counsel. Moreover, Lin admitted that he understood the meaning of taking an oath and the consequences of lying. Accordingly, we find no basis for special consideration.

**III. Future Persecution**

Though the agency found that Lin lacked credibility regarding his past persecution, it credited his testimony that he was a practicing Catholic. However, we find no error in the agency's conclusion that Lin failed to meet his burden of proving that he would more likely than not be persecuted on that basis. To succeed on a claim for withholding of removal, the applicant must demonstrate that persecution is "more likely than not." 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b)(1)(iii); *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 140 (2d Cir. 2008). A fear of future persecution must be "objectively reasonable," *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004), and have "solid support in the record," *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

The agency reasonably found that, while there were incidents of religious persecution, the evidence was insufficient to show that Lin would "more likely than not"

5

suffer persecution.  The evidence reflected a general policy of allowing family and friends to gather for private worship, showed that local authorities in some regions permitted unregistered churches while in other regions members of such churches were punished, and revealed that persecution was primarily carried out against church leaders, which Lin was not.

Lin objects to the agency's "cherry-picking" of evidence and points to parts of the State Department's Religious Freedom Report that describe harassment and imprisonment of church members.  The agency did not ignore this information; it explicitly considered it, but deemed it insufficient to meet Lin's burden of showing that he would "more likely than not" be persecuted.  We accord substantial deference to the agency's "assessment of competing evidence."  *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157 (2d Cir. 2008).

Because Lin's CAT claim is based on the same set of facts, the agency's finding that he had not met his burden of proof for withholding of removal is dispositive of both forms of relief.  *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal

6

that the Court previously granted in this petition is VACATED,

and any pending motion for a stay of removal in this petition

is DISMISSED as moot.  Any pending request for oral argument

in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule

34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
